**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HARRY NIE,                                )
                                          )
      Plaintiff,                         )
                                          )
   v.                                    )     Civil Action No.  1:25-cv-04367 (UNA)
                                          )
                                          )
REBECCA BEACH SMITH, et al.,              )
                                          )
      Defendants.                        )

## <u>MEMORANDUM OPINION</u>

On January 23, 2026, the Court issued an Order, ECF No. 5, directing Plaintiff to, within 30 days, submit his six-month trust fund account statement, *id*. at 1–2 (citing 28 U.S.C. § 1915(a)(2)).  Plaintiff has since complied with that Order by filing his trust accounting, ECF No. 9, and upon review, the Court grants his pending Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  Plaintiff's pending Motion to Issue an Order to State Farm Correctional Center, ECF No. 4, to mail his trust accounting to the Clerk, is therefore denied as moot.  However, for the reasons explained below, the Court dismisses this matter without prejudice.

Plaintiff, a state prisoner currently designated to the Virginia Department of Corrections ("VADOC"), has filed a *pro se* Complaint ("Compl."), ECF No. 1, and a subsequent Addendum to the Complaint ("Add."), ECF No. 10, against a combination of six federal judges from the U.S. District Court for the Eastern District of Virginia and the U.S. Court of Appeals for the Fourth Circuit, and the former director of the VADOC, *see* Compl. at 1; Add. at 1, 3–4.  He alleges that Defendants committed "fraud upon the court" by affirming his conviction and sentence entered by the Prince William County Circuit Court.  *See* Compl. at 1–3; Add. at 5.  He broadly alleges that the Eastern District of Virginia acted on time-barred claims, "lost jurisdiction" over his cases, and

entered void judgments. *See* Compl. at 1–3. He further alleges that he "is being held illegally by" VADOC," that he has received inadequate medical treatment for several conditions, and that he is being unfairly withheld from his family and from earning a living, all of which violates his civil rights and other federal and state laws. *See id*. at 3; Add. at 4. He demands $700 million in damages. *See* Add. at 4–5.

First, to the extent that Plaintiff challenges the legality of his detention, he must seek habeas corpus relief under 28 U.S.C. § 2241, and he may not do so here. "A district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [plaintiff's] immediate custodian for purposes of § 2241 habeas relief"). Plaintiff's present custodian is located in Virginia, not in this District.

Second, insofar as Plaintiff challenges the legitimacy of his conviction or sentence, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [plaintiff] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Plaintiff faced criminal proceedings in Virginia; therefore this Court also lacks jurisdiction over any intended § 2254 claims.

Third, with respect for Plaintiff's demand for damages, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). Here, if judgment were to be granted in Plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Therefore, because there is no indication that any verdict has been set aside, Plaintiff cannot recover damages for the actions of those who allegedly brought about and sustained his conviction and sentence. *See Williams v. Hill,* 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam).

Fourth, the Defendant judges are absolutely immune from this lawsuit. *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991); *see also Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). They also cannot be deprived of such immunity because actions they took were allegedly in error, malicious, or was in excess of their authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Finally, to that degree that Plaintiff seeks damages due to the alleged mistreatment at VADOC facilities, venue is improper in this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which

the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a). Here, all of the Defendants are located in Virginia, including Plaintiff's present custodian, and all of the alleged wrongdoing also took place there.  As pleaded, this case presents no connection to the District of Columbia.

For all of the stated reasons, this matter is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.


Date:   April 27, 2026                              _____/s/_____
                                                                RUDOLPH CONTRERAS
                                                                United States District Judge